THE PEOPLE *v*. MUÑOZ ET AL.

APPEAL from the District Court of Arecibo.

No. 80.—Decided December 5, 1905.

APPEAL—TRANSCRIPT OF RECORD—DUTIES OF APPELLANT.—The transcript of the record should contain a copy of all those documents which, according to law, constitute the record of a case, it being the duty of the appellant to remedy the deficiencies or defects therein contained, and in the absence of the necessary documents, it will be presumed that the trial court proceeded in accordance with law.

ID.—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Where there is no bill of exceptions or statement of facts, and it not appearing from the records what action was taken by the trial court with respect to two motions filed by the accused, the Supreme Court will not consider and decide the questions therein raised.

The facts are stated in the opinion.

*Mr. Coll* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNANDEZ delivered the opinion of the court.

In this cause the following information, duly sworn to, was filed in the District Court of Arecibo against the appellants, Miguel Muñoz Santana and Ramon Muñiz Martinez:

"In the name and by the authority of The People of Porto Rico. United States of America, *ss:* The President of the United States. *The People of Porto Rico* v. *Miguel Muñoz Santana and Ramon Muñiz Martinez*—in the District Court of Arecibo, the ———, 1900. Miguel Muñoz Santana, former electoral judge of Precinct No. 15, is accused by information filed by the Attorney General of a crime against the elective franchise (a felony) committed as follows: On or about October 18, 1904, at a. general election held in Porto Rico in that year, Miguel Muñoz Santana, at that time judge of election of Precinct No. 15 of the electoral district of Arecibo, situated within the judicial district of that name, with the assistance of Ramón Muñiz Martinez, also a judge of the same district, maliciously and fraudulently struck from the electoral list of that precinct the name of Manuel Burgos Rosado, an elector qualified to vote in that precinct, in the above-mentioned year, and thus deprived the said Manuel Burgos Rosado of his right to vote. The said Ramón Muñiz Martinez permitted and took part in this act. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—A. G. Stewart, Attorney General of Porto Rico. E. B. Wilcox, special *fiscal.*"

The convicted defendants, Miguel Muñoz Santana and Ramon Muñiz Martinez, having appeared for sentence on May 6th last, they were asked whether they had any cause to show why sentence should not be pronounced against them, and having failed to do so, the court, in view of the judgment of conviction which it had pronounced against them on the 3d of said month of May, pronounced sentence, sentencing them to imprisonment for one year in the departmental penitentiary, and to pay the costs for the crime against the elective franchise.

From this judgment Muñoz Santana and Muñiz Martinez took an appeal, which their counsel argued orally at the

hearing and which the *fiscal* of this court contested by brief and oral argument.

Counsel for the defendant alleged that the copy of the record transmitted to this Supreme Court for the decision of the appeal does not show that the information had been read to the defendants and that the transcript of the record did not contain the judgment of conviction.

We think that, as a matter of fact, the transcript of the record is defective, because the secretary of the District Court of Arecibo, failing to comply with the duty imposed upon him by section 356 of the Code of Criminal Procedure, transmitted only a partial copy of the documents of record; but it was incumbent on the defendants and not this court to supply the deficiency by means of the proper legal remedy, and they having failed to do so, we must assume that the Arecibo court acted in accordance with law in the conduct of the trial, until the contrary is shown in a satisfactory manner.

The defendants sought a change of venue to the San Juan court, fearing that they would not be able to secure an impartial trial in the Arecibo court, and one of them—that is, Ramon Muñiz Martinez—prayed for the dismissal of the cause on the plea that he had been once in jeopardy for the same offense in the said Arecibo court, although the transcript of the record does not show the action of the court, nor any bill of exceptions or a statement of facts which could serve as a basis for the discussion and decision of these legal questions.

Upon an examination of the information and judgment, copies of which we have before us, we do not find any defect or error which would invalidate them.

Under the circumstances the judgment rendered by the District Court of Arecibo on May 6th last should be affirmed, with the costs of the appeal against the appellants.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.